NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**STEVEN J. OLIVA,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2019-1990

_____

Petition for review of the Merit Systems Protection Board in No. DA-1221-17-0225-P-1.

_____

Decided: June 15, 2020

_____

JENNIFER CIELUCH, Covington & Burling LLP, New York, NY, argued for petitioner. Also represented by HAN PARK, RICHARD L. RAINEY, Washington, DC.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by JOSEPH H. HUNT, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before PROST, *Chief Judge*, MAYER and DYK, *Circuit Judges.*

Opinion of the court filed PER CURIAM.

Opinion concurring in part filed by *Chief Judge* PROST.

PER CURIAM.

Steven J. Oliva appeals a decision by the Merit Systems Protection Board ("Board"). We *affirm.*

### BACKGROUND

Mr. Oliva worked as an Associate Director of Pharmacy Customer Care at the Department of Veterans Affairs ("VA") Health Resource Center in Waco, Texas. In a series of emails beginning on December 30, 2014, Mr. Oliva accused his supervisor of preselecting an applicant for a position at the agency, which his supervisor contested as an allegation that he had acted improperly. On January 9, 2015, the agency issued Mr. Oliva a letter of reprimand for "Inappropriate Conduct." J.A. 2–3.

On March 13, 2017, Mr. Oliva filed an individual right of action alleging that the agency's issuance of the retaliatory letter of reprimand was a prohibited personnel action under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). Mr. Oliva sought damages for: (1) lost relocation incentive pay for a job he alleges he would have received in El Paso absent the letter of reprimand,[1] (2) non-

---

[1]    Mr. Oliva is also seeking damages for loss of the El Paso position in a Claims Court case on a different theory—that the agency breached a settlement agreement by disseminating information about the letter of reprimand. Our decision in that case is being issued contemporaneously in *Oliva v. United States*, No. 19-2059.

pecuniary damages for emotional harm.[2]  The Board found that the agency had taken a prohibited personnel action against Mr. Oliva because it perceived him to be a whistleblower, its perception was a contributing factor to the issuance of the letter of reprimand, and the agency had not shown by clear and convincing evidence that it would have issued the letter of reprimand absent its perception of Mr. Oliva as a whistleblower.  The Board awarded Mr. Oliva $3,500 in emotional harm damages.  The Board denied damages for loss of the El Paso opportunity.  Mr. Oliva appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of the Board decision is limited by statute.  We may only set aside Board decisions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Oliva argues that the Board should have awarded him more damages.  The Board may award "foreseeable consequential damages" and "compensatory damages" in a corrective action for a Whistleblower Protection Act claim. 5 U.S.C. § 1221(g)(1)(A).

Mr. Oliva argues that the Board erred when it denied him damages for lost relocation incentive pay.  Mr. Oliva asserted that the agency's issuance of the letter of reprimand caused him not to be selected for a position at the VA Medical Center in El Paso, Texas.  Mr. Oliva asserted that if he had been selected, he would have received relocation

---

[2]    Mr. Oliva also asserted other theories of relief, which the Board denied.  Mr. Oliva does not challenge those aspects of the Board's decision on appeal.

incentive pay. The Board rejected this theory, in part because Mr. Oliva had failed to show a causal relationship between the issuance of the letter of reprimand and his alleged loss of relocation incentive pay. In other words, it was not foreseeable that the issuance of the letter of reprimand would have resulted in its disclosure during Mr. Oliva's employment application process. We discern no error in the Board's conclusion that Mr. Oliva had not established that his lost relocation incentive pay was a foreseeable consequence of the issuance of the letter of reprimand. *See Bohac v. Dep't of Agric.*, 239 F.3d 1334, 1340–41 (Fed. Cir. 2001) (noting that damages for a whistleblower claim are "akin" to contract damages, which are rooted in the common law doctrine of foreseeability).

Mr. Oliva also argues that he was entitled to more compensatory damages for emotional harm. The Board found that Mr. Oliva "established he experienced emotional harm as a result of the letter of reprimand." J.A. 14. "[B]ased on the record and taking into account the severity and duration of the appellant's emotional distress and pain related to the . . . letter of reprimand," the Board awarded Mr. Oliva $3,500 in compensatory damages. J.A. 16. The Board's award was supported by substantial evidence, and we see no error of law.

## AFFIRMED

### COSTS

No costs.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN J. OLIVA,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2019-1990

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-17-0225-P-1.

---

PROST, *Chief Judge*, concurring in part.

I join the per curiam opinion in full but write separately because I would affirm the Board's decision to deny Mr. Oliva damages for lost relocation incentive pay for an additional reason that the per curiam decision does not reach.  The record establishes that the lost relocation incentive pay was available, but not guaranteed, to be offered to the selectee of the Associate Medical Director position for which Mr. Oliva applied but was not selected.  The Board found that Mr. Oliva failed to prove by preponderant evidence that he would have received this incentive even if he had been selected for the position.  J.A. 6–8.  Indeed, the only documentary evidence submitted to support Mr. Oliva's claim, merely shows that the selectee for the

position was offered a different incentive, which Mr. Oliva admits would not have been applicable to him. *See* J.A. 7–8; J.A. 69; *see also* Appellant's Reply Br. 14. On appeal, Mr. Oliva has not identified any additional evidence demonstrating that he would have been offered the relocation incentive if he had been selected for the position. *See* Appellant's Op. Br. 21. Without such evidence, for this additional reason, I would affirm the Board's denial of damages based on lost relocation incentive pay.